# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHUCK POULLARD

**DEFENDANTS**
DANIEL MITCHELL; P.A.M. TRANSPORT, INC.; P.A.M. LOGISTICS SERVICES, INC; P.A.M. TRANSPORTATION SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff: Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Leon County, Florida
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Annesley H. DeGaris- DeGaris & Rogers, LLC- Two North Twentieth Street, Ste. 1030, Birmingham, AL 35203; Telephone: 205-558-9000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332-Diversity

Brief description of cause:
Negligence and recklessness causing automobile crash

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 01/11/2019

SIGNATURE OF ATTORNEY OF RECORD: s/Annesley H. DeGaris

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHUCK POULLARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-21 |
| | ) | |
| DANIEL MITCHELL and | ) | Jury Demand |
| P.A.M. TRANSPORT, INC. and | ) | |
| P.A.M. LOGISTICS SERVICES, INC. and | ) | |
| P.A.M. TRANSPORTATION SERVICES, INC. | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff Chuck Poullard, for his complaint against Defendants Daniel Mitchell, P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc. and P.A.M Transportation Services, Inc., respectfully states as follows:

### I.   PARTIES

1.   Plaintiff, Chuck Poullard, is an adult citizen and resident of the State of Texas.

2.   Defendant Daniel Mitchell is an adult resident of Tallahassee, Leon County, Florida and is subject to the jurisdiction of this Court. At all times relevant to the events of this cause, Defendant Mitchell was an employee and/or agent of P.A.M. Transport, Inc., P.A.M. Transportation Services, Inc. and was the operator of the 2017 International truck bearing Oklahoma License Plate 3AE352 that collided with Plaintiff's vehicle. Mitchell is the registered owner of the 2017 International truck that he was operating. He may be served with process at his place of residence at 6781 Augustine Creek Court, Tallahassee, Florida 32311, or wherever he may be found.

3. Defendant P.A.M. Transport, Inc. is a for profit corporation formed in Arkansas operating in the State of Tennessee. P.A.M. Transport, Inc.'s principal place of business is 297 W. Henri De Tonti Blvd. Springdale, Arkansas 72762. P.A.M. Transport, Inc. can be served through its agent Turney Thompson at 2001 Riverside Drive, Chattanooga, Tennessee 37406. Upon information and belief, Defendant P.A.M. Transport, Inc., at all material times, operated as a motor carrier or engaged in the business of interstate transportation of general freight and goods throughout the United States and through the State of Tennessee, and, as such, has engaged in the transaction of business within the State of Tennessee.

4. Defendant P.A.M. Logistics Services, Inc. is a for-profit corporation formed in Arkansas conducting business in the State of Tennessee. P.A.M. Logistics Services, Inc.'s principal place of business is Highway 412 West, Tontitown, Arkansas 72770. P.A.M. Logistics Services, Inc. can be served through its agent Angela Clark, Highway 412 West, Tontitown, Arkansas 72770. Upon information and belief, Defendant P.A.M. Logistics Services, Inc. at all material times, operated as a motor carrier or engaged in the business of interstate transportation of general freight and goods throughout the United States and through the State of Tennessee, and, as such, has engaged in the transaction of business within the State of Tennessee.

5. Upon information and belief, Defendant P.A.M. Transportation Service, Inc. is a for-profit corporation formed in Arkansas conducting business in the State of Tennessee. P.A.M. Transportation Service, Inc.'s principal place of business is Highway 412 West, Tontitown, Arkansas 72770. P.A.M. TRANSPORTATION SERVICES, INC. can be served through its agent Angela Clark, Highway 412 West, Tontitown, Arkansas 72770. Upon information and belief, Defendant P.A.M. Transportation Service, Inc. at all material times, operated as a motor carrier or engaged in the business of interstate transportation of general freight and goods

throughout the United States and through the State of Tennessee, and, as such, has engaged in the transaction of business within the State of Tennessee.

## II. JURISDICTION AND VENUE

6. Plaintiff's claims for relief arise from a vehicular collision which occurred in Jefferson County, Tennessee.

7. This Court may exercise subject matter jurisdiction over this claim on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) inasmuch as the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, Plaintiff in this action is a citizen of a foreign state, and the Defendants in this action are citizens of a foreign state.

8. This Court may exercise personal jurisdiction over Defendants Daniel Mitchell, P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc. and P.A.M Transportation Services, Inc., because they caused tortious injury in this state by Daniel Mitchell's negligent operation of a motor vehicle during the course of his employment with P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc. and P.A.M Transportation Services, Inc.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), because a substantial part of the events or omissions giving rise to this claim occurred in this district, specifically in Jefferson County, Tennessee. All events which form the basis of this Complaint for Damages are based in tort and occurred in Jefferson County, Tennessee.

### III. FACTUAL ALLEGATIONS

10. On January 17, 2018, Plaintiff Chuck Poullard was parked in a 2016 Volvo tractor-trailer in a parking lot of Love's Travel Center in Jefferson County, Tennessee.

11. Plaintiff parked his vehicle in a safe and appropriate manner at time of the wreck.

12. On January 17, 2018, Defendant Mitchell was driving a 2017 International tractor-trailer.

13. The 2017 International truck was owned by Defendant Mitchell and operated for the benefit and under the control of P.A.M. Transport, Inc., P.A.M. Logistics Services, Inc. and P.A.M Transportation Services, Inc.

14. Defendant Mitchell was traveling through the parking lot of Love's Travel Center attempting to maneuver around another vehicle in order to park his tractor-trailer.

15. Defendant Mitchell made a sharp tight turn and collided with the right front fender of Plaintiff's vehicle.

16. The impact damaged the vehicle Plaintiff was occupying and caused physical injuries to Plaintiff.

### IV. CLAIMS AGAINST DEFENDANT DANIEL MITCHELL

17. Defendant Mitchell had a duty to exercise reasonable awareness of his surroundings, of other vehicles on the roadway, and Plaintiff's vehicle in particular.

18. Defendant Mitchell had a duty to operate the vehicle he was driving with reasonable safety under the circumstances and to obey the traffic laws in effect at the time and place of the wreck.

19. Defendant Mitchell failed to adhere to the duty required of him in several particulars, each of which constitutes negligence, including, but not limited to, the following:

   a. Failure to maintain the vehicle under proper and reasonable control under the circumstances;

   b. Failure to maintain a proper lookout for other vehicles;

   c. Failure to operate his vehicle with reasonable safety under the circumstances; and

   d. Failure to use due care under the circumstances.

20. Defendant Mitchell's negligent acts, omissions, and breaches of duty, as stated above, caused him to negligently, forcefully, and without warning, collide with Plaintiff's vehicle. Additionally, Defendant Mitchell's negligent acts, omissions, and breaches of duty amounted to the following breaches of Tennessee state law which constitutes negligence *per se:*

   a. Failure to turn his vehicle in a safe and prudent manner pursuant to Tenn. Code Ann. § 55-8-140;

   b. Failure to maintain a proper lookout pursuant to Tenn. Code Ann. § 55-8-136(b);

   c. Failure to maintain control of a motor vehicle pursuant to Tenn. Code Ann. § 55-8-136(b); and

   d. Failure to exercise due care to avoid a collision pursuant to Tenn. Code Ann. § 55-8-136(b).

21. Each of these acts and omissions, singularly or in combination, constitutes negligence and negligence *per se*, which directly and proximately caused the wreck forming the basis of this action, and Plaintiff's injuries and resulting damages.

### V. CLAIMS AGAINST ALL REMAINING DEFENDANTS

22. Plaintiff contends that, on the occasion in question, Plaintiff's injuries and

damages were proximately caused by the independent and/or vicariously negligent acts and/or omissions of Defendants P.A.M. Transport, Inc. P.A.M. Logistics Services, Inc. and P.A.M. Transportation Services, Inc. operating in their individual capacities and/or while doing businesses in Texas in at least the following particulars:

1. Violations of the standards, rules and regulations under the Tennessee Code Annotated.

2. Negligent hiring, supervision and/or negligent training of Defendant Daniel Mitchell; and

3. Vicarious liability via the doctrine of *respondeat superior* for the negligent acts and/or omissions of Defendant Daniel Mitchell.

Each of the foregoing negligent acts and omissions, whether taken singularly or in combination, were the proximate causes of the collision made the basis of this cause of action, the injuries suffered by the Plaintiff, and the damages sustained by the Plaintiff, which are hereinafter described with more particularity.

23. Defendant Mitchell was acting in the course and scope of his employment or agency relationship with Defendants P.A.M. Transport, Inc. P.A.M. Logistics Services, Inc. and P.A.M. Transportation Services, Inc., while conducting business on their behalf, with their permission and under their supervision. Defendants P.A.M. Transport, Inc. P.A.M. Logistics Services, Inc. and P.A.M. Transportation Services, Inc. are therefore liable for the negligent actions and omission of Defendant Mitchell under the doctrine of *respondeat superior*, the doctrine of agency, and/or the Federal Motor Carrier Safety Regulations.

## VI. JOINT ENTERPRISE AS TO DEFENDANTS P.A.M. TRANSPORT, INC., P.A.M. LOGISTICS SERVICES, INC. and P.A.M. TRANSPORTATION SERVICES, INC.

24. Plaintiff contends that, at all times relevant herein, the tractor and/or trailer

Defendant Mitchell was operating at the time of this collision was owned by Defendants P.A.M. Transport, Inc. P.A.M. Logistics Services, Inc. and P.A.M. Transportation Services, Inc. whether singularly, collectively, or in some combination of these defendants.

25. Plaintiff further contends that at the time of this collision Defendant Mitchell was operating said vehicle with Defendants P.A.M. Transport, Inc. P.A.M. Logistics Services, Inc. and P.A.M. Transportation Services, Inc.'s permission and to further their business operations.

26. Plaintiff alleges that, at all times relevant herein, all Defendants herein were engaged in a joint enterprise in that Defendants had an agreement, express or implied, with respect to the enterprise or endeavor which led to the collision giving rise to this cause; Defendants had a common purpose to be carried out by Defendants individually and collectively; Defendants had a community of business or pecuniary interests in carrying out that common purpose; and, Defendants had an equal right to a voice in the direction of the enterprise which gave them an equal right of control.

27. Therefore, Defendants are liable to Plaintiff and the negligence or liability of each Defendant in this cause is imputed to the other Defendants in this cause.

## VII. INJURIES AND DAMAGES

28. Immediately prior to his injuries, Plaintiff Chuck Poullard was healthy and able bodied. Due to the wreck described above, Mr. Poullard received injuries that necessitated medical treatment. He has incurred medical charges for treatment of same. The wreck and resulting damages were directly and proximately caused by the negligence of the Defendants and Defendants should be held accountable.

29. Plaintiff Chuck Poullard's bodily injuries required treatment for which he has incurred medical bills as the collision and resulting damages were directly and proximately caused by the negligence of the Defendants, and Defendants should be held accountable for Plaintiff's injuries and for the bills Plaintiff has incurred and will incur for treatment.

30. Defendants' acts and/or omissions were negligent and directly and proximately caused the injuries and suffering of Plaintiff. Further, said acts and omissions are legal cause of Plaintiff's injuries, as set forth herein, all of which would not have occurred but for the acts or omissions of Defendants.

31. As the sole, direct, and proximate cause of the actions of Defendants, Plaintiff Chuck Poullard suffered the following injuries and damages:

   a. Physical pain and suffering associated with injuries he received in the collision of a past, present, and future nature;

   b. Loss of enjoyment of life;

   c. Loss of earning capacity;

   d. Cost of medical treatment and pharmaceutical costs of a past, present, and future nature; and

   e. Permanent injury and permanent disability related to his injuries.

## DEMAND FOR RELIEF

Based upon the facts set forth above and to be proven at trial, Plaintiff Chuck Poullard respectfully requests the following relief:

1. That process be issued and be served upon the Defendants and Defendants be required to appear and answer the complaint within the time required by law;

2. That Plaintiff Chuck Poullard be awarded a judgment against Defendants in the amount of $500,000.00, for his personal injuries and damages;

3. For pre-judgment and post judgment interest;

4. That the costs of this action be taxed to the Defendants;

5. For a jury to try this cause of action;

6. For such other different and general relief to which the Plaintiff may be entitled.

Respectfully submitted,

DEGARIS & ROGERS, LLC

s/ Annesley H. DeGaris
Annesley H. DeGaris
2 North 20th Street, Suite 1030
Birmingham, AL 35203
P (205) 558-9000 F (205) 588-5231
adegaris@degaris@degarislaw.com;
vsmith@degarislaw.com

*Attorney for Plaintiff*

Plaintiff Demands Trial by Jury
s/ Annesley H. DeGaris